Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 21 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GREGORY W. BLACK**
Gregory W. Black, P.C.
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**LOUIS T. PERRY**
**CARL A. GRECI**
Faegre Baker Danieals LLP
Indianapolis, Indiana

**JOSEPH W. EKE**
Dale & Eke, PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD E. STANBROUGH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  32A01-1112-MF-577 |
| | ) | |
| BANK OF AMERICA NATIONAL | ) | |
| ASSOCIATION AS SUCCESSOR BY | ) | |
| MERGER TO LASEALLE BANK | ) | |
| NATIONAL ASSOCIATION, AS TRUSTEE | ) | |
| UNDER THE TRUST AGREEMENT FOR | ) | |
| THE STRUCTURED ASSET INVESTMENT | ) | |
| LOAN TRUST SERIES 2004-10 | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Stephenie LeMay-Luken, Judge
Cause No. 32D05-1002-MF-23

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

In October 2011, the trial court granted Bank of America National Association's motion for summary judgment on its foreclosure complaint against Richard Stanbrough. Stanbrough raises three issues for our review, which we consolidate and restate as one: whether the trial court erred in granting Bank of America's motion for summary judgment and ordering foreclosure of the real estate. Concluding there are no genuine issues of material fact and Bank of America is entitled to judgment as a matter of law, we affirm.

Facts and Procedural History

In June 2004, after borrowing money to purchase a home, Stanbrough executed and delivered a promissory note and mortgage, promising to pay $156,750.00 plus interest, and granting a security interest in the mortgage property, both of which were assigned to Bank of America. On January 1, 2009, Stanbrough made his last timely payment and entered default pursuant to the payment terms of the note and mortgage. After notifying Stanbrough that he was in default, Bank of America filed a complaint to foreclose the mortgage, accelerating all indebtedness.

Stanbrough answered, denied each allegation, and in July 2010 Bank of America filed its first motion for summary judgment, which it ultimately withdrew in November 2010. In September 2010, the trial court ordered the parties to engage in a settlement conference. After several continuances, the parties appeared before the trial court on December 10, 2010, and agreed to hold a follow-up settlement conference. Stanbrough filed a report to the court on June 1, 2011, stating the parties held a settlement conference. Subsequently, in August 2011, Bank of America filed a second motion for summary judgment. Also in August, Bank of America sent Stanbrough an offer to enter into a Special Forbearance Agreement. The agreement would operate as follows:

> The Agreement must be signed and returned with the first installment. This is not a waiver of the accrued or future payments that become due, but a trial period showing you can make regular monthly payments. . . . If your loan is in foreclosure, we will instruct our foreclosure counsel to suspend proceedings once the initial installment has been received, and to continue to suspend the action as long as you keep to the terms of the Agreement. Upon full reinstatement, we will instruct our foreclosure counsel to dismiss foreclosure proceedings and report to the credit bureau accordingly.

Appellant's Appendix at 157 (Special Forbearance Agreement Offer Letter to Stanbrough).

> The terms and conditions of the Special Forbearance Agreement offer include:
>
> 2. This Agreement temporarily accepts reduced installments or maintains regular monthly payments as outlined in section 5 below. . . .
> * * *
> 4. All of the provisions of the Note and Security Instrument, except as herein provided, shall remain in full force and effect. A breach of any provision of or non-compliance with this agreement shall render the Agreement null and void.
> . . .
> 5. Each payment must be remitted according to the schedule below.
> PLAN  DATE       AMT                PLAN  DATE       AMT

3

| 01 | 10/01/11 | 1,454.22 | 02 | 11/01/11 | 1,454.22 |
| 03 | 12/01/11 | 1,454.22 | 04 | 01/01/12 | 1,454.22 |
| 05 | 02/01/12 | 1,454.22 | 06 | 03/01/12 | 1,454.22 |

6. There is no "grace period" allowance in this Agreement. All installments must be received on or before the due date and made strictly in accordance with section 5 above. If any installment is not received on or before the respective due date, the Agreement will be void and the total delinquency, including fees, will be due immediately.

Id. at 158.

Stanbrough submitted a payment of $1,454.22 in an effort to accept Bank of America's forbearance agreement offer, but he did not do so until October 10, 2011. The trial court granted Bank of America's motion for summary judgment and entered a decree of foreclosure. After the trial court denied his motion to correct error, Stanbrough now appeals.

Discussion and Decision

I. Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). "In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment." Walton v. First Am. Title Ins. Co., 844 N.E.2d 143, 146 (Ind. Ct. App. 2006) (citation omitted), trans. denied. Thus, we determine whether there is a genuine issue as to any material fact, and we consider the designated evidence in the light most favorable to the non-moving party. Id.

4

## II. Summary Judgment

Stanbrough first argues the trial court erred by granting summary judgment without issuing some formal finding or notice of the termination of settlement conference efforts between the parties. Indiana Code section 32-30-10.5-9 (2011) provides:

> (a) Except as provided in subsection (b) and subject to section 8.5 of this chapter . . . a court may not issue a judgment of foreclosure under IC 32-30-10 on a mortgage subject to this chapter unless all of the following apply:
> (1) The creditor has given the notice required under section 8(c) of this chapter.
> (2) One (1) of the following applies:
>> (A) The debtor does not contact the court within the thirty (30) day period described in section 8(c) of this chapter to schedule a settlement conference under this chapter.
>> (B) The debtor contacts the court within the thirty (30) day period described in section 8(c) of this chapter to schedule a settlement conference under this chapter and, upon conclusion of the settlement conference, the parties are unable to reach agreement on the terms of a foreclosure prevention agreement.
> * * *
> (b) If the court finds that a settlement conference would be of limited value based on the result of a prior loss mitigation effort between the creditor and the debtor:
> (1) a settlement conference is not required under this chapter; and
> (2) the conditions set forth in subsection (a) do not apply, and the foreclosure action may proceed as otherwise allowed by law.

Further, Indiana Code section 32-30-10.5-10(f) provides that if the parties are unable to reach a foreclosure prevention agreement, "the creditor shall, not later than seven (7) business days after the conclusion of the settlement conference, file with the court a notice indicating that the settlement conference held . . . has concluded and a foreclosure prevention agreement was not reached . . . ." Stanbrough contends Bank of America did not adhere to this notice requirement and "there is no record of an inability to reach an agreement, nor of the Court

5

finding no conference is worthwhile."[1]  Brief of Appellant at 7.  Bank of America does not contend that such notice was filed with the trial court, but rather, argues Stanbrough has waived this issue by not raising it in his answer to Bank of America's second motion for summary judgment or in his motion to correct error.

Bank of America is correct that Stanbrough has not raised this issue previously and, generally, when an issue is first raised on appeal it is deemed waived.  Cavens v. Zaberdac, 849 N.E.2d 526, 533 (Ind. 2006) ("Issues not raised at the trial court are waived on appeal.").  Nevertheless, Indiana Code section 32-10-10.5-10(f) requires the creditor to file a notice indicating a settlement conference was held and an agreement was not reached, but it does not provide that a trial court is required to find that such notice has been filed prior to ordering foreclosure.  And here, where the trial court was notified by Stanbrough that a settlement conference was held by the parties, and Bank of America subsequently filed its second motion for summary judgment, the trial court could reasonably conclude an agreement had not been reached.

Stanbrough next argues summary judgment is improper because a novation has occurred and Bank of America therefore could not properly terminate its offer to enter into a

---

[1] Stanbrough also argues "Federal law appears to be offended here."  Br. of Appellant at 8.  However, Indiana Appellate Rule 46(A)(8)(a) provides that a party's argument on appeal "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.  Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."  We decline to examine Stanbrough's contention as to federal law because it is supported by neither cogent reasoning nor adequate citations to legal authority.  Rather than illustrating which federal laws Stanbrough believes to have been violated in his appellate brief, he refers us to the recitation of such statutes in his motion to stay sheriff sale that he filed with this court.  This method of citation does not adhere with our Appellate Rules.  Further, even if we overlooked the lack of legal authorities which might support his position, he provides little to no reasoning why such federal statutes would deem summary judgment improper in this case.

6

forbearance agreement. "A novation is a new contract made with the intent to extinguish one already in existence." Ashbaugh v. Horvath, 859 N.E.2d 1260, 1265 (Ind. Ct. App. 2007) (citation omitted). A novation requires "(1) a valid existing contract; (2) the agreement of all parties to a new contract; (3) a valid new contract; and (4) an extinguishment of the old contract in favor of the new one." Id. (citing Winkler v. V.G. Reed & Sons, Inc., 638 N.E.2d 1228, 1233 (Ind. 1994)).

Stanbrough contends Bank of America's offer included the choice of six installment payment plans from which he could choose because of the word "plan" located in the schedule of payments. He argues he accepted the offer and chose the second plan by mailing in his first payment prior to November 1, 2011. However, the rest of the letter and proposed terms indicate the schedule consists of several payments, all of which Stanbrough would be obligated to make were he to adhere to the proposed agreement, rather than six choices from which Stanbrough could select his desired start date.

Immediately preceding the schedule it states "[e]ach payment must be remitted according to the schedule below." Appellant's App. at 158. The term following the schedule states "[a]ll installments must be received on or before the due date and made strictly in accordance with" the schedule. Id. A prior term states "[t]his Agreement temporarily accepts reduced installments or maintains regular monthly payments as outlined in section 5 below." Id. And Bank of America's letter to Stranbrough explaining the forbearance agreement offer states "[t]he Agreement must be signed and returned with the first installment." Id. at 157. Other than the word "plan" located in the schedule, nothing in the

7

letter or proposed terms indicates or implies Stanbrough could choose one of the six dates of payment as the first installment payment due date.

Reading the offer as a whole, we conclude Bank of America's offer unambiguously required an initial installment payment of $1,454.22 by October 1, 2011, and subsequent payments of that amount on each of the stated dates in the schedule in an effort to establish a temporary monthly payment agreement. Thus, because Stanbrough's purported acceptance of Bank of America's offer was not completed until after October 1, 2011, no contract was formed between Stanbrough and Bank of America. Further, as Bank of America points out, even if a contract were formed, one term of the forbearance agreement offer states "[a]ll of the provisions of the Note and Security Instrument, except as herein provided, shall remain in full force and effect." Id. at 158. Thus, it cannot be said any newly created contract is also an extinguishment of the parties' prior contract. For these reasons, we conclude a novation did not occur and the termination of Bank of America's offer due to Stanbrough's lack of acceptance by the date of the first required installment date was not improper.

Last, Stanbrough argues a genuine issue of material fact exists, deeming summary judgment improper. He contends that if Bank of America made an offer he can afford to pay "the parties are bound to make the agreement and dismiss the action." In support of this contention, he cites to Indiana Code section 32-30-10.5-10(e), which provides: "If, as a result of a settlement conference held under this chapter, the debtor and the creditor agree to enter into a foreclosure prevention agreement, the agreement shall be reduced to writing and signed by both parties, and each party shall retain a copy of the signed agreement. . . ." Aside

8

from the fact that this statute does not seem to support the argument Stanbrough asserts,[2] Stanbrough does not point to anything in the record supporting the fact that the parties agreed to enter into a foreclosure prevention agreement and, as discussed above, no foreclosure prevention agreement was in fact formed because Stanbrough failed to timely accept Bank of America's offer. Thus, the requirement of Indiana Code section 32-30-10.5-10(e) does not give rise to a genuine issue of material fact.

Indiana Code section 32-30-10-3(a) provides "[s]ubject to IC 32-30-10.5 . . . if a mortgagor defaults in the performance of any condition contained in a mortgage, the mortgagee or the mortgagee's assigns may proceed in the circuit court of the county where the real estate is located to foreclose the equity of redemption contained in the mortgage." Stanbrough does not dispute he defaulted by failing to adhere to the payment terms of his mortgage with Bank of America. As Stanbrough points to no other purported genuine issues of material fact, nor do we find one, we conclude summary judgment is appropriate.

## Conclusion

There are no genuine issues of material fact and Bank of America is entitled to judgment as a matter of law. We therefore affirm the trial court's grant of summary judgment for Bank of America.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.

---

[2] See Ind. Appellate Rule 46(A)(8)(a) (requiring an appellant's argument section of his or her appellate brief to "contain the contentions of the appellant on the issues presented, supported by cogent reasoning" and "citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on.").